UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------

KH o/b/o KC,

                                        Plaintiff,


                                                        **AFFIDAVIT IN**
                                                        **OPPOSITION TO**
                                                        **PLAINTIFF'S ORDER**
                                                        **TO SHOW CAUSE**

                                                        Case No. 06-0319
                                                        (Korman, J.)
                                                        (Orenstein, M.J.)


                -against-


ARLENE WISHNEW, personally and as Director of
The Vincent Smith School,

                                        Defendant.

------------------------------------------------------------------------

STATE OF NEW YORK
                                ss:
COUNTY OF NASSAU

        Arlene Wishnew, being duly sworn, deposes and says under penalty of

perjury:

        1.      I am the Head of School of the Vincent Smith School ("Vincent

Smith").  Vincent Smith is a private school that has been accredited by the New York

State Education Department.  Vincent Smith primarily serves students with

disabilities who are placed there by their parents.  Vincent Smith accepts tuition

payments from, and on behalf of a student's parent(s) or guardian(s), regardless of the

source of the funds.

2.      Parents are Responsible for making tuition payments to Vincent Smith on the student's behalf, regardless of whether they obtain funding from another source.

3.      Vincent Smith has not been approved by the New York State Education Department for the provision of special education and/or related services to students with disabilities.  As a result, public school districts are not authorized to place students with disabilities at Vincent Smith.  Instead, any student's with disabilities attending Vincent Smith have been placed there by their parent(s) and or guardian(s) pursuant to the standard Vincent Smith enrollment contract.  Parents and/or guardians of Vincent Smith students are made aware of the school's status by Vincent Smith personnel.

4.      Vincent Smith does not contract with public school districts or other governmental authorities to provide special education and related services to students with disabilities.  Further, the New York State Education Department prohibits public school districts from contracting with Vincent Smith for the provision of special education and related services to students with disabilities.

5.      In the 1998-99 and 1999-2000 school years, Vincent Smith accepted payment, directly from the Hempstead Union Free School District, on behalf of the parent of a student who attended Vincent Smith at the time.  However, the student's parent was required to sign standard Vincent Smith enrollment contracts and statements of policy for those two school years.  Further, the student's parent, and not the Hempstead Union Free School District, was responsible to Vincent Smith for payment of the student's tuition.  Although Vincent Smith accepted payment from the

2

Hempstead Union Free School District on behalf of the parent, no contractual or other relationship existed between Vincent Smith and the Hempstead Union Free School District at the time.  Instead, Vincent Smith agreed to accept payment by the Hempstead Union Free School District on behalf of the parent solely as an accommodation to the parent pursuant, upon information and belief, an agreement between the parent and the Hempstead Union Free School District to which Vincent Smith was not a party.  Vincent Smith, however, was provided with letters reiterating the parent's contractual obligations and indicating that the Hempstead Union Free School District would pay the tuition on behalf of the parent.

      6.     In the 2005-06 school year, Vincent Smith accepted payment, directly from two school districts, the Rockville Centre Union Free School District and the North Shore Union Free School District, on behalf of the parents of two students who are currently attending Vincent Smith.  Again, the students' parents were required to sign standard Vincent Smith enrollment contracts and statements of policy.  Further, the students' parents, and not the public school districts, were responsible to Vincent Smith for payment of the students' tuition.  Although Vincent Smith accepted payment from the school districts on behalf of the parents, no contractual or other relationship exists between Vincent Smith and the school districts.  Instead, Vincent Smith agreed to accept payments by the school districts on behalf of the parents solely as an accommodation to the parents pursuant, upon information and belief, agreements between the parents and the public school districts, to which Vincent Smith is not a party.  Vincent Smith, however, was provided with letters reiterating

3

the parents' contractual obligations and indicating that the public school districts would pay the tuition on behalf of the parents.

7.      There are students at Vincent Smith whose parents(s) pursue tuition reimbursement claims against their school districts pursuant to the Individuals with Disabilities Education Improvement Act of 2004 ("IDEA"), codified at 20 U.S.C. §§1400, et. seq., as well as the corresponding case law, e.g. Florence County School District Four v. Carter, 510 U.S. 7 (1993). Regardless of the outcome of any such legal proceedings, a student's parent(s) remain(s) responsible for payment of the student's tuition. In this regard, a student may be dismissed due to the failure of the parent(s) to pay the student's tuition, regardless of whether such funds will eventually be recovered from the school district.

8.      Vincent Smith, however, does not directly receive funding from either the United States or from the State of New York or its agents for the provision of special education and related services to students with disabilities. Vincent Smith has, however, received an amount not exceeding $1,000.00 a year during past school years through the Port Washington Union Free School District consisting of Title II, Part A (Staff Development and Materials), Title II Part D (Technology), Title IV, Part A (Drug Prevention), and Title V, Part A (Staff Development and Materials) funds. A grant application for such funds has been submitted for the 2005-06 school year. However, to date, Vincent Smith has not received any such funds in connection with the 2005-06 school year.

9.      KC (the "student") attended Vincent Smith from the commencement of the 2005-06 school year until his dismissal on or about January 6, 2006. The

4

student was assigned to the seventh grade and was classified as having a learning disability by his local school district.

10.    According to the records maintained by Vincent Smith, the student resides within the City School District of the City of New York.

11.    The student attended Vincent Smith pursuant to a contract signed by the plaintiff dated June 9, 2005. Said contract obligated the plaintiff to pay Vincent Smith $18,950.00 in connection with the student's attendance. The contract further provided that the plaintiff would not be entitled to a refund based upon the student's absence, illness, withdrawal, suspension, or dismissal. In addition, the contract provided that the plaintiff would accept the rules and regulations of Vincent Smith and that plaintiff recognized Vincent Smith's right to dismiss "any pupil whose progress or conduct is unsatisfactory." The student's school district was not a party to the contract. Upon information and belief, the plaintiff was seeking tuition reimbursement in connection with the student's attendance at Vincent Smith during the 2005-06 school year from the City School District of the City of New York.

12.    The student's conduct was unsatisfactory. The student refused to adhere to Vincent Smith's rules and regulations, as set forth in the Vincent Smith statement of policy signed by the plaintiff and student and dated June 9, 2005. Said statement of policy provided for the possible dismissal of any student who violated Vincent Smith's rules, at the discretion of the Head of School.

13.    In this regard, the student engaged in a pattern of negative behavior including, but not limited to, throwing objects at Vincent Smith staff and other students, engaging in disrespectful conduct towards Vincent Smith staff and other

students, teasing and otherwise harassing other Vincent Smith students, engaging in physical and verbal altercations with other Vincent Smith students, lying to Vincent Smith staff, ignoring directions given to him by Vincent Smith staff, arguing with Vincent Smith staff, refusing to do class work assigned to him by Vincent Smith staff, threatening Vincent Smith staff and other students, forcibly removing objects from the Principal's desk without permission, attempting to climb out of a window, picking up and threatening to throw a chair at the Principal of Vincent Smith.  Such patterns of behavior began shortly after the commencement of the 2005-06 school year and continued until his dismissal.

14.     In addition, the student frequently engaged in similarly negative behaviors during his bus ride to and from Vincent Smith from the commencement of the 2005-06 school year until his dismissal from Vincent Smith.

15.     As a result of his pattern of engaging in the aforementioned behaviors, in or about December 2005, Vincent Smith personnel contacted and met with the plaintiff to advise her that the student's continued attendance at Vincent Smith was in question.  Specifically, the plaintiff was advised of certain incidents involving the student, including threats he was continuously verbalizing towards another student, and that his continued attendance at Vincent Smith was in danger because of his anger management issues.  The plaintiff, who in September 2005, advised Vincent Smith in writing that the student did not take any medications and who did not modify such a statement until she was called in by the School, advised Vincent Smith that she believed a cause of his negative behavior might be related to his failure to take the medications he was prescribed in relation to his disability.

6

16.     In response, the plaintiff advised Vincent Smith personnel that she would do whatever was necessary so that the student might continue to attend Vincent Smith.  Vincent Smith accommodated the student and, with plaintiff's consent, came up with a plan.  However, after agreeing to allow the student to be seen for a psychiatric consult, the plaintiff changed her mind and refused to allow the student to be seen for such a consultation or allow him to be otherwise evaluated so that Vincent Smith could be advised as to which medications he was taking, whether there was a need for additional medications or other adjustments to his regimen of medications, to reassess his disability in light of his anger management issues, and, if possible, to develop a plan to reduce his negative behaviors.  At the time, I also recommended that the plaintiff take the student for anger management therapy.

17.     Vincent Smith was not able to modify or reduce the student's negative behaviors, and was thwarted by the plaintiff in how much the staff could accomplish in the absence of consent to evaluate.

18.     On or about January 3, 2006, soon after the Christmas Break, the student engaged in an outburst in his computer class.  Specifically, he adamantly refused to sit in his assigned seat when directed to do so by his teacher.  When given the choice of sitting in his seat or going to the principal's office, the student went to the office.  Once in the office, he began screaming and pushing Vincent Smith staff members and refused to sit down.  In addition, he threatened to smash the Principal's computer and uttered profanities at the Principal and office staff.  All of the aforementioned behavior was consistent with the student's pattern of behavior that commenced at the beginning of the 2005-06 school year and was in violation of the

7

Vincent Smith rules and regulations. Vincent Smith's rules and regulations provided that a student could be dismissed for engaging in such behavior. As a result, the student was first suspended and eventually dismissed.

19.    The student was initially suspended by the principal of Vincent Smith because I was out of the office to attend the funeral and mourn the death of a friend. I returned to Vincent Smith on January 6, 2006. At the time, I reviewed and investigated the situation with all relevant staff members and with the student, who came to Vincent Smith with the plaintiff.

20.    On January 6, 2006, I convened a suspension hearing. The student and his mother were present. During the hearing, the student confirmed that he engaged in all of the negative behaviors of which he was accused of engaging in on January 3, 2006. As a result, I conferred with the relevant staff members, reviewed the student's history at Vincent Smith, and exercised my discretion to dismiss the student from Vincent Smith due to his history of violating Vincent Smith's rules and regulations.

21.    Although he was dismissed from Vincent Smith, the student retains the right to a placement in which he will be provided with an appropriate program of special education and related services by his local public school district, pursuant to the IDEA. The student's relationship with Vincent Smith is governed by the enrollment contract and statement of policy.

22.    In this regard, Vincent Smith notified the student's school district, in writing, of his dismissal so that it could identify and secure an appropriate placement for him.

8

23.     Upon information and belief, the City School District of the City of New York convened a Committee on Special Education review meeting to develop an individual educational plan and recommend a placement for the student after his dismissal from Vincent Smith.

24.     Upon information and belief, the plaintiff has refused to enroll the student in a public school despite his right to be immediately enrolled therein.

25.     Regardless, the student's inability to manage his behavior in the Vincent Smith environment is indicative of the fact that Vincent Smith is not an appropriate educational placement for him.

26.     Further, it is my opinion that based upon the foregoing, the student will present a danger to himself and to others if the relief that the plaintiff is seeking is granted.

27.     Any and all contact I have had, actions I have taken,  or determinations I have made with regard to the student have been in my official capacity as the Head of School at Vincent Smith.  Consequently, I respectfully request that this action should be dismissed against me in my individual capacity immediately.

28.  As a result of the foregoing, I respectfully request the dismissal of the instant action against me in my capacity as the Vincent Smith Head of School and as against Vincent Smith.

ARLENE WISHNEW
HEAD OF SCHOOL
THE VINCENT SMITH SCHOOL

Sworn before me this ___23RD___
day of February, 2006

NOTARY PUBLIC

DEUSDEDI MERCED
NOTARY PUBLIC, State of New York
No. 02ME6054689
Qualified in New York County
Commission Expires February 12, 2007

10